

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2816

Re: Is the property which is left
to an out of State charitable
institution exempt from the pay-
ment of the Texas Inheritance
Tax Law upon the affidavit of the
treasurer of said institution that
the money realized from the sale
of the property will be used in
Texas?

We are in receipt of your letter of October 10, 1940,
in which you request an opinion of this Department as to the
application of the Texas Inheritance Tax Law to the situation
you present, as follows:

"We have before us for final approval the inheritance
tax report for the estate of Lydia Lyoan, deceased, a non-
resident. At the time of her death she was the owner of
a small piece of real estate in Cameron County, Texas,
and by the terms of her will this property was left to
the United Christian Missionary Society of Indianapolis,
Indiana, a charitable and religious organization organized
under the laws of Indiana.

"It is the contention of this department that any
amount received by this organization above the sum of
$500.00 is taxable as this bequest is to an institution
without the State of Texas. The Treasurer of this organi-
zation has made an affidavit that the money received from
the proceeds of the sale of the Texas property will be
used in Texas, and for this reason the attorneys in Texas,
representing this estate, contend that the bequest is
exempt under our laws."

Honorable George H. Sheppard, page 2

As we understand the facts submitted the property was devised by the deceased to the United Christian Missionary Society of Indianapolis, Indiana. It contained no restriction or provision whatsoever concerning whether or not the same should be spent in Texas.

Article 7117 of Vernon's Annotated Revised Civil Statutes provides in part as follows:

"All property within this State . . . which shall pass . . . shall, upon passing to or for the use of any person, corporation or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. . . ."

Article 7122 of Vernon's Annotated Civil Statutes provides as follows:

"If passing to or for the use of the United States, to or for the use of any other person or religious, educational or charitable organization or institution, or to any other person, corporation or association not included in any of the classes mentioned in the preceding portions of the original Act known as Chapter 29 of the General Laws of the Second Called Session of the Thirty-eighth Legislature, the tax shall be:
"5% on any value in excess of $500 and not exceeding $10,000. . . .

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States or any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State." (Emphasis ours)

It is the opinion of this Department that the devise in question is one which comes under the classification set up in the first part of Article 7122, supra, in that it passes property to or for the use of a charitable organization or institution. We find nothing however in the devise which would make it one passing property to a charitable organization to be used within this State. It is urged, however, even though the devise does not require the money to be spent in Texas, that in fact the money will be so spent. A reading of the various classifications set up by Article 7118 through 7122, inclusive, clearly

shows that the tax is to be computed in accordance with the wording of the devise itself. If the rule be otherwise, money passing to an uncle or aunt would not have to pay the tax schedule set out in Article 7121 on an affidavit of such uncle or aunt that the money was in fact to be spent upon a brother or sister of the deceased, which bears a smaller tax schedule as set out in Article 7120.

Prior to 1933 a similar exemption was contained in the Texas Inheritance Tax Law in reference to devises to religious, educational or charitable organizations. Under the exemption as it then read it was necessary that the devise be to an institution located in this State and also it was necessary that the bequest, devise or gift was to be used within this State. The Austin Court of Civil Appeals construed this exemption in the case of San Jacinto National Bank v. Sheppard, 125 S. W. (2d) 715. Under the facts in that case the devise of one-half of the deceased's estate was to an out of State corporation organized for religious, benevolent and educational purposes. The court held that such institution was not located within this State. The court also stated as follows:

"Nor did the will of Milroy require the funds derived from his devise to be used in Texas. Clearly under the charter and said will the beneficiary corporation could have used the devise anywhere the directors thereof should determine in their meetings in Ohio."

The above discussed exemption was amended to its present form as quoted supra by the 43rd Legislature in 1933. However, the present exemption requires that the devise be one which is to be used within this State and in this respect the present exemption is identical with the like requirement in the prior exemption. Therefore the court's statement concerning the devise in the San Jacinto National Bank case is pertinent in construing the present exemption.

Honorable George H. Sheppard, page 4


       Under the devise in question the Indiana organization has the authority to spend the proceeds from the sale of the property anywhere that it sees fit to do so. The devise is not one which requires that the money be spent within this State. It is the opinion of this Department, therefore, that the property passing in the devise in question is subject to the Texas Inheritance Tax on its value in excess of $500.

                         Yours very truly

                   ATTORNEY GENERAL OF TEXAS

By                                  
                       Billy Goldberg
                         Assistant

BG:AMM


APPROVED OCT 26, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

